**Christian SAHAGIAN,
Petitioner–Appellant,**

v.

**James MURPHY, Respondent–Appellee.**

No. 87–2784.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 13, 1988.
Decided April 11, 1989.
Motion to Stay the Mandate
Denied May 8, 1989.
Rehearing Denied May 8, 1989.

Barry A. Spevack, Monico & Pavich, Chicago, Ill., for petitioner-appellant.

Jeffrey M. Gabrysiak, Asst. Atty. Gen. Wis. Dept. of Justice, Madison, Wis., for respondent-appellee.

Before BAUER, Chief Judge,
RIPPLE and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Petitioner-appellant Christian Sahagian was convicted of armed robbery while disguised and sentenced to 25 years imprisonment. After appealing his conviction through the Wisconsin courts, Mr. Sahagian filed a petition for a writ of habeas corpus in the district court. He claimed that the trial court violated his sixth amendment right of confrontation by declaring the state's key witness, Norbert Fike, to be unavailable for trial and by allowing the state to present Mr. Fike's testimony from two pretrial hearings. Mr. Sahagian claimed that the Wisconsin state courts incorrectly found that he waived his right of confrontation when he objected to the state's request for a continuance until Mr. Fike could testify. The district court, agreeing with the magistrate's recommendation, held that Mr. Fike was unavailable and that therefore no confrontation clause violation had occurred. We affirm the judgment of the district court.

## I

### Background

On the morning of Mr. Sahagian's trial, the state informed the trial court that its chief witness, Norbert Fike, the jeweler who was working in the store at the time of the robbery, had undergone open heart surgery two months earlier and would not be able to testify for another month. The state requested that the trial judge declare Mr. Fike unavailable and admit his testimony from a preliminary hearing and a suppression hearing. These hearings had been conducted before a judge. Mr. Sahagian had been represented by counsel and the witness had testified under oath. Defense counsel had a full opportunity to cross-examine the witness at both hearings. Counsel for Mr. Sahagian objected to the admission of this previous testimony on the ground that Wisconsin law precluded a finding of unavailability on the ground of

temporary disability.[1] The state then suggested that the trial be postponed for a month until Mr. Fike was able to appear and testify. Counsel for Mr. Sahagian again objected. The trial judge then concluded that, in light of the refusal of the defendant to agree to a continuance, it was permissible under the state statute to consider Mr. Fike unavailable and to admit the prior testimony.

The Wisconsin Court of Appeals affirmed the resulting conviction. The appellate court held that state law did not prevent a witness from being declared unavailable under the circumstances described in the foregoing paragraph. The Wisconsin court also addressed the federal constitutional issue and held that there had been no violation of the confrontation clause. The court noted that the defendant did not dispute the reliability of the earlier testimony nor did he dispute that Mr. Fike would be unavailable for four weeks. The court also held that, regardless of whether Mr. Fike was unavailable, the defendant had waived his right of confrontation by his objection to the four-week continuance after the state had demonstrated that it had made a reasonable effort to produce Mr. Fike at trial. The Supreme Court of Wisconsin denied a petition for further review presenting these issues.

In reviewing the petition for habeas corpus relief filed in the district court, the magistrate determined that, under the circumstances presented here, the state trial judge had not violated the confrontation clause when he declared the witness unavailable and permitted the introduction of the prior testimony. The magistrate noted that the defendant has never satisfactorily explained his opposition to the postponement. The district court adopted the recommendation of the magistrate and denied the petition.

## II

### Discussion

We begin with some basic principles. The sixth amendment's confrontation clause, made applicable to the states through the fourteenth amendment, *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1109, 39 L.Ed.2d 347 (1974); *Pointer v. Texas*, 380 U.S. 400, 403–04, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965), embodies the Framers' preference for face-to-face confrontation of witness and accused in the criminal trial. The clause establishes a rule of necessity. "In the usual case (including cases where prior cross-examination has occurred) the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980). Moreover, once a witness is determined to be unavailable, it must be demonstrated that the substitute testimony is marked with such trustworthiness that " 'there is no material departure from the reason of the general rule.' " *Id.* (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934)).

In this case, this latter requirement of reliability is not in issue because, as we have already noted, both sides have admitted the reliability of the testimony. We must therefore turn our attention to the first requirement—unavailability. Here we are confronted with a fact situation that is somewhat unusual. As the magistrate noted in his rather thorough examination of the case, appellate courts rarely are called upon to examine a claim of temporary unavailability. As a leading treatise notes, "most of the cases are handled by continuance." McCORMICK ON EVIDENCE § 253, at 755 (3d ed. 1984). Here, the state established the witness' unavailability and prob-

---

**1.** *See* Tr. at 20–22. Section 908.04(1) of the Wisconsin Statutes states that:

"Unavailability as a witness" includes situations in which the declarant:

. . . .

(d) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity.... Wis.Stat.Ann. § 908.04(1) (West 1985). This definition of unavailability is the same as that found in the Federal Rules of Evidence. *See* Fed.R.Evid. 804(a)(4).

able date of availability. It agreed to the usual solution, a postponement of the trial until the witness became available. Rather than accept that solution, the defendant, through his counsel, decided to insist on immediate trial. The reason for that insistence is not clear from the record. Although the defendant refers at various times to the constitutional right to a speedy trial and to the Wisconsin statutory right to a speedy trial,[2] the record also suggests that he was relying instead on the right to a speedy trial contained in Article IV(c) of the Interstate Agreement on Detainers.[3] Whatever the basis of his assertion, it is clear that the court was entitled to grant a reasonable continuance unless the defendant asserted a significant countervailing consideration.[4] Here the defendant offered no such justification for his resistance to the usual remedy for the temporary unavailability of the witness.

Because the defendant chose to refuse the usual remedy for the temporary unavailability of a witness and offered no substantial justification for that refusal, he cannot be allowed to complain because, as a result of his own choice, a temporary unavailability became, as a practical matter, a permanent one. As a general proposition, it is true that, "[i]f a choice presented to a petitioner is constitutionally offensive, then the choice cannot be voluntary." *Wilks v. Israel,* 627 F.2d 32, 36 (7th Cir.

1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1981). However, Mr. Sahagian was not put to such a choice. As far as we can ascertain on this record, had he not insisted, without any compelling reason, on immediate trial, the state trial judge could have accommodated quite easily both his right to confront the witness against him and the need to resolve the criminal charges with reasonable dispatch.

The tactical decision to insist on immediate trial rather than accept the usual remedy for the temporary unavailability of a witness was made by Mr. Sahagian's counsel. There is no hint in the record that Mr. Sahagian disagreed with that decision. Indeed, there is some indication that he affirmatively concurred. He cannot now complain of the consequences of that decision. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

2. *See, e.g.,* Appellant's Br. at 13 (petitioner asserts that Wisconsin "penalized" him "for exercising his constitutional right to a speedy trial"); Appellant's Reply Br. at 2 (referring to the Wisconsin Speedy Trial Act, Wis.Stat.Ann. § 971.10 (West 1985)).

3. The trial transcript states that Mr. Sahagian was a prisoner in San Quentin and was brought to Wisconsin from California pursuant to a statute requiring that he be tried within 120 days of being brought into the state. *See* Tr. at 7, 12–13. This appears to be a reference to the Interstate Agreement on Detainers, 18 U.S.C.App. §§ 1–8, which provides that trial of any prisoner transferred under the Agreement "shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State." 18 U.S.C.App. § 2 (Article IV(c)).

4. Both the Wisconsin Speedy Trial Act and the Interstate Agreement on Detainers allow the tri-

al court to grant reasonable continuances. *See* Wis.Stat.Ann. § 971.10(3)(a) (West 1985) ("A court may grant a continuance in a case, upon its own motion or the motion of any party, if the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial."); 18 U.S.C.App. § 2 (Article IV(c)) ("for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance"); *see also Barker v. Wingo,* 407 U.S. 514, 521–22, 92 S.Ct. 2182, 2187–88, 33 L.Ed.2d 101 (1972) (If "the State moves for a 60–day continuance, granting that continuance is not a violation of the [sixth amendment] right to a speedy trial unless the circumstances of the case are such that further delay would endanger the values the right protects.").