51 P.3d 427

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert BAGSHAW, Defendant–Appellant.**

No. 26981.

Court of Appeals of Idaho.

May 2, 2002.

Review Denied Aug. 8, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Robert James Bagshaw was charged with robbery, second degree kidnapping, and burglary for an armed invasion of a home. At his trial, the district court admitted a videotaped deposition of Bagshaw's former girlfriend, taken by the State for use in lieu of her live testimony, because she was pregnant and unable to travel at the time of the trial. Bagshaw was found guilty of all charges. On appeal, he contends that the admission of his former girlfriend's testimony violated the hearsay rule and Bagshaw's Sixth Amendment right to confront adverse witnesses, and he contends that the district court abused its sentencing discretion by imposing excessive sentences.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of September 3, 1998, four men broke into a home in an attempt to recover stolen drugs and to steal additional drugs. Brandishing guns and with their faces covered, the men threatened to kill the home's occupants if the drugs were not handed over. No drugs were located, as the men had entered the wrong house and terrorized an innocent family. Before leaving, the men took compact discs and two telephones.

Bagshaw was later identified as one of the intruders and was indicted for two counts of robbery, Idaho Code §§ 18–6501, –6502; two counts of second degree kidnapping, I.C. §§ 18–4501, –4502, –4503; and one count of burglary, I.C. § 18–1401. Bagshaw's trial was initially scheduled for January 3, 1999, but following multiple continuances was reset for July 3, 2000. On June 2, the State filed a motion to continue trial until November 2000 because one of its out-of-state witnesses, Robin Knight, was due to deliver a baby in August, and her doctors were recommending that, for health reasons, she not travel from July to September. In a separate, alternative motion, the State requested authorization to take a videotaped deposition of Knight to preserve her testimony for trial. Bagshaw's defense attorney objected to both motions, asserting that his client was prepared to proceed and that the State had not demonstrated that Knight would be unavailable for trial. The district court ordered the deposition of Knight, but reserved its ruling on whether the deposition would be admitted at trial. The deposition was conducted at the courthouse with the district judge present to rule upon objections as they were made, and defense counsel cross-examined the witness.

When trial commenced on July 5, 2000, the State presented evidence that Knight's doctor forbade her to attend the trial, and the State asked the district court to declare Knight unavailable and admit her videotaped deposition. Bagshaw's defense attorney again objected, but the district court deemed Knight unavailable and admitted the deposition.

The jury found Bagshaw guilty of all the charges, and the district court imposed unified life sentences with twenty-five years determinate for the robbery convictions, twenty-five-year determinate sentences for the kidnapping convictions, and a determinate ten-year sentence for the burglary conviction, with all sentences to be served concurrently.

On appeal, Bagshaw asserts that both the hearsay rule and his Sixth Amendment right

to confront Knight were violated and that the district court abused its discretion by imposing excessive sentences.

## II.

## DISCUSSION

### A. Deposition Testimony

The first issue presented by Bagshaw on appeal is whether the hearsay rule and the Confrontation Clause of the Sixth Amendment were violated by the admission of Knight's deposition testimony. This issue turns upon whether the videotaped deposition was admissible under Idaho Rule of Evidence 804(b), the hearsay exception for former testimony when the witness is unavailable, and under established constitutional doctrine allowing the use of an unavailable witness's prior testimony in limited circumstances.

■■■ Although the two rules of law are not co-extensive, the United States Supreme Court has noted that the hearsay rule and the Confrontation Clause serve to protect similar values. *California v. Green,* 399 U.S. 149, 155, 90 S.Ct. 1930, 1933, 26 L.Ed.2d 489, 495 (1970). *See also Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597, 607 (1980). That is, both of these rules of law seek, subject to limited exceptions, to preserve the opportunity for cross-examination of persons whose declarations are placed before the fact-finder and to aid the fact-finder's ability to assess the declarant's credibility by viewing that individual as the testimony is given. *See Green,* 399 U.S. at 157–58, 90 S.Ct. at 1934–35, 26 L.Ed.2d at 497–97. Each rule, however, is subject to exceptions and limitations. The evidence rules recognize a hearsay exception, when the witness is unavailable, for "[t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination." Idaho Rule of Evidence 804(b)(1). In a like vein, the

United States Supreme Court has held that the Confrontation Clause is not offended by the introduction of a declarant's prior testimony if the declarant is unavailable to testify at the trial and the testimony bears adequate indicia of reliability. *Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597. Thus, in *Roberts,* the Supreme Court held that the preliminary hearing testimony of a witness was properly introduced at a criminal trial where the prosecution was unable to locate the witness to compel her attendance.

Bagshaw acknowledges these exceptions to the hearsay rule and the Confrontation Clause, but contends that they are not applicable in his case because the witness's unavailability, caused by her pregnancy, was only temporary. He argues that, instead of allowing use of her deposition, the court should have postponed Bagshaw's trial until Knight was available.

■ Under the hearsay exception, unavailability includes circumstances in which the declarant "is unable to be present or to testify at the hearing because of death or a then existing physical or mental illness or infirmity." I.R.E. 804(a)(4). For Confrontation Clause purposes, a declarant is "unavailable" if "the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Roberts* at 74, 100 S.Ct. at 2543, 65 L.Ed.2d at 613. "The lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness." *Id.* According to Bagshaw, these standards were not met because Knight's availability would have resumed after the delivery of her child. Therefore, he contends, in order to preserve Bagshaw's rights and to honor the preference for live testimony in criminal cases, his trial should have been postponed for a matter of a few months until Knight became available. In support of this proposition, Bagshaw relies upon *Peterson v. United States,* 344 F.2d 419, 425 (5th Cir.1965), which held that a temporary illness or disability of a witness is not sufficient to justify use of his former testimony.

■■ This argument offered by Bagshaw on appeal is untenable because in the trial court proceedings, he objected to the very

action that he now contends the district court should have taken. As an alternative to its request for admission of Knight's deposition, the State moved for a continuance of the trial until Knight would be able to attend, but Bagshaw objected to the continuance as well as to use of the deposition. A party may not be heard on appeal to complain of an action by the trial court that the party consented to or acquiesced in. *State v. Caudill,* 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Atkinson,* 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct.App.1993). The doctrine of invited error estops a party from asserting an alleged error when his own conduct induced its commission. *Id.* Therefore, Bagshaw may not successfully complain that the trial court failed to take an action to which Bagshaw vigorously objected.

Identical circumstances were presented to the Seventh Circuit Court of Appeals in *Sahagian v. Murphy,* 871 F.2d 714 (7th Cir. 1989), a habeas corpus action, in which it was contended that the state trial court violated the Confrontation Clause through admission of testimony from the defendant's preliminary hearing and a suppression hearing. Use of the prior testimony was allowed because the witness, having undergone open heart surgery, was temporarily unable to testify. When, in the state court action, the defendant objected to the state's motion for admission of the prior testimony, the state suggested that the trial be postponed for a month until the witness would be well enough to appear. Rather than accept that solution, the defendant objected to a continuance and insisted upon an immediate trial. The Seventh Circuit held that the defendant was not entitled to relief because he had purposefully rejected a continuance, the "usual solution" to preserve confrontation rights when a witness is temporarily unavailable. The court explained:

> Because the defendant chose to refuse the usual remedy for the temporary unavailability of a witness and offered no substantial justification for that refusal, he cannot be allowed to complain because, as a result of his own choice, a temporary unavailability became, as a practical matter, a permanent one. As a general proposition, it is true that, "if a choice presented

to a petitioner is constitutionally offensive, then the choice cannot be voluntary." *Wilks v. Israel,* 627 F.2d 32, 36 (7th Cir. 1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1981). However, [the defendant] was not put to such a choice. As far as we can ascertain on this record, had he not insisted, without any compelling reason, on immediate trial, the state trial judge could have accommodated quite easily both his right to confront the witness against him and the need to resolve the criminal charges with reasonable dispatch.

> The tactical decision to insist on immediate trial rather than accept the usual remedy for the temporary unavailability of a witness was made by Mr. Sahagian's counsel. There is no hint in the record that Mr. Sahagian disagreed with that decision. Indeed, there is some indication that he affirmatively concurred. He cannot now complain of the consequences of that decision.

*Id.* at 716. Like the defendant in *Sahagian,* Bagshaw offers no reasonable justification for his refusal of a trial postponement when it was offered by the State as an alternative to use of Knight's deposition. Indeed, comments made at the hearing on the State's motions indicated that Bagshaw's counsel was amenable to a continuance but Bagshaw himself was insistent that the trial proceed as scheduled. Having opposed a continuance in the trial court, Bagshaw has waived the claim now asserted on appeal that a continuance should have been ordered to honor the hearsay rule and to preserve his right to confront the adverse witness.

**B. Sentences**

 Bagshaw also contends that his sentences are excessive, an argument which requires that we determine whether the district court abused its sentencing discretion by imposing unduly harsh sentences. The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender and punishment or retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). We base our review

on the probable length of confinement, which is ordinarily the minimum period of incarceration imposed by the sentencing judge. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young,* 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). We will find that a trial court abused its discretion in sentencing only if, in light of the objectives of sentencing, the sentence was excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

 Bagshaw contends that in fashioning his sentences, the district court failed to adequately consider his history of manic depression, but this argument is unsupported by the record. Although Bagshaw alluded to a mental illness when arrested, his claim was never supported. Bagshaw told the presentence investigator that he had never suffered from a mental illness and reported that he was in good mental health. The district court did not abuse its discretion by omitting to consider a mental disorder that was never asserted in the presentence report or at the sentencing hearing.

 Bagshaw had a history of violence and a lengthy criminal record, including at least four convictions for assault or battery, multiple convictions for resisting and obstructing officers, burglaries and theft offenses. Shortly before sentencing in the present case, he was sentenced for violently raping his former girlfriend. The district court justifiably viewed Bagshaw to be a serious threat to society, and the grievous crimes committed in this case deserve a severe measure of punishment. The sentences imposed on Bagshaw are not unduly harsh in light of the severity of the crimes and the necessity of protecting society from his violent behavior.

### III.

### CONCLUSION

Neither Idaho's evidentiary rules nor the Confrontation Clause were violated by the admission of deposition testimony at Bagshaw's trial, and Bagshaw's sentences are not unreasonable. Therefore, the judgment of conviction and sentences are affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.