108 P.3d 404

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert BAGSHAW, Defendant–Appellant.**

No. 29981.

Court of Appeals of Idaho.

Dec. 9, 2004.

Nevin, Benjamin McKay, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Ralph Reed Blount, Deputy Attorney General, Boise, for respondent. Ralph Reed Blount argued.

PERRY, Judge.

Robert Bagshaw appeals from his judgments of conviction for two counts of robbery, two counts of kidnapping, and one count of burglary. On appeal Bagshaw contends that his rights were violated when a jailhouse informant was used to obtain evidence against him after he had been arrested and asserted his right to counsel on different charges. Additionally, Bagshaw challenges an instruction given to the jury by the district court as impermissible. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

In September 1998, four men broke into a home in an attempt to recover stolen drugs. After entering the home, the men threatened to kill the home's occupants. The men did not locate the drugs and, before leaving, took compact discs and two telephones. Thereafter, Bagshaw, who was incarcerated on rape and kidnapping charges in an unrelated case, admitted his involvement in the robbery to another inmate who was acting as an informant. The informant recorded the conversations he had with Bagshaw. Based upon the September incident, Bagshaw was charged with two counts of robbery, I.C. §§ 18–6501, –6502; two counts of second degree kidnapping, I.C. §§ 18–4501, –4502, –4503; and one count of burglary, I.C. § 18–1401.

Prior to trial, Bagshaw filed a motion to suppress the statements he made to the jailhouse informant, arguing that he had invoked his right to counsel and his right to remain silent in the rape and kidnapping case and, thus, the statements were obtained in violation of those rights. The district court held a hearing and denied the motion.

A jury found Bagshaw guilty of all charges. The district court imposed concurrent sentences of life imprisonment, with minimum periods of confinement of twenty-five years, for the two robbery convictions. It also imposed concurrent fixed sentences of twenty-five years for the two kidnapping convictions and ten years for burglary. Bagshaw appealed, challenging the admissibility of a videotaped deposition and arguing that the sentences imposed by the district court for the robbery convictions were excessive. This Court affirmed. *See State v. Bagshaw,* 137 Idaho 613, 51 P.3d 427 (Ct.App.2002).

In February 2003, Bagshaw filed an application for post-conviction relief alleging that his appellate counsel was ineffective for failing to challenge the district court's denial of his motion to suppress statements he made to the jailhouse informant. The state agreed that the district court should allow Bagshaw to pursue a second appeal to challenge the denial of his motion to suppress. As a result, the district court reinstated the judgments of conviction to enable Bagshaw to appeal. Bagshaw now appeals from the reinstated judgments of conviction, arguing that the district court erred in denying his motion to suppress and that the district court impermissibly instructed the jury.

## II.

### ANALYSIS

#### A. Motion to Suppress

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

In this case, the district court denied Bagshaw's motion to suppress, explaining:

> The facts are not in dispute. At all relevant times Mr. Bagshaw was a pretrial detainee on rape and kidnapping charges filed in [another case]. He had requested and had been granted a court-appointed public defender to represent him in that case. He also was under suspicion for robbery, kidnapping, and burglary arising out of an incident that occurred on September 3, 1998. The September 3rd

incident was unconnected with the [rape and kidnapping charges].

> On September 16, 1999, [a detective] and a jail prisoner reached an agreement that the prisoner would wear a body wire so that conversations he had with Mr. Bagshaw could be overheard and recorded. The purpose of the plan was to obtain incriminating information about the September 3rd crimes but not about the crimes charged in [the rape and kidnapping case]. The prisoner had conversations with Mr. Bagshaw on September 16 and 17, 1999. Mr. Bagshaw was unaware that the prisoner was working for [the detective]. The conversations were overheard on the wire and partially recorded.... Mr. Bagshaw seeks to suppress the September 16th and 17th conversations.

> *Illinois v. Perkins*, 496 U.S. 292, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990), is practically identical to Mr. Bagshaw's case. Mr. Perkins was in jail awaiting trial on an aggravated battery charge. He was represented by counsel. He also was a suspect in an unrelated and uncharged murder. The police placed two undercover agents in the jail. Mr. Perkins was unaware that they were working for the police, and the undercover agents did not give him any *Miranda* [1] warnings. He described to them his participation in the murder. The United States Supreme Court decided that the statements should not be suppressed and in so ruling made the following points:

> 1. Conversations between an incarcerated suspect and an undercover agent do not implicate *Miranda*, because there is no police-dominated atmosphere or compulsion when the incarcerated person speaks to someone he believes to be a fellow inmate.

> 2. The tactic of placing an undercover agent near an incarcerated suspect to gather incriminating information through voluntary conversation is permissible under the Fifth Amendment.

> 3. The Sixth Amendment prohibits the use of undercover agents to circumvent the right to counsel once a suspect has been charged with the crime under investiga-

---

1. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

tion. If, however, no charges have been filed with respect to the crime under investigation, then Sixth Amendment cases concerning the right to counsel are inapplicable, even if the suspect has been charged and is represented by counsel in an unrelated case.

Based upon the facts recited above and the rules announced in *Perkins*, the court concludes that the statements made by Mr. Bagshaw to his fellow prisoner will not be suppressed.

In *Perkins*, the United States Supreme Court concluded that the inmate's Sixth Amendment right to counsel had not been violated because he had not been charged with the crime about which he was questioned and the Sixth Amendment right to counsel therefore had not yet attached. Additionally, the Court held that an undercover law enforcement officer posing as an inmate was not required to give *Miranda* warnings to a suspect who was incarcerated on a different charge before asking questions that could elicit an incriminating response. Bagshaw contends that the *Perkins* decision is inapposite because, in his case, the issue is whether questioning by a jailhouse informant after Bagshaw had invoked his *Miranda* rights violated his Fifth Amendment right to counsel, not whether his Sixth Amendment right was violated nor whether he was entitled to *Miranda* warnings prior to the questioning.

In the proceedings below, the parties apparently agreed that Bagshaw had invoked his Fifth Amendment right to counsel in the rape and kidnapping case. Thus, for purposes of this opinion, we will make that assumption.

■ The Fifth Amendment right to counsel is not offense specific. *McNeil v. Wisconsin*, 501 U.S. 171, 177, 111 S.Ct. 2204,

115 L.Ed.2d 158 (1991). The Fifth Amendment right is "protected by the prophylaxis of having an attorney present to counteract the inherent pressures of custodial interrogation, which arise from the fact of such interrogation and exist regardless of the number of crimes under investigation or whether these crimes have resulted in formal charges." *Arizona v. Roberson*, 486 U.S. 675, 685, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988). Because Bagshaw had invoked his Fifth Amendment right to counsel in the rape and kidnapping case, we must consider whether the jailhouse informant's questioning on an unrelated crime violated that right.[2] If a defendant in custody invokes his or her Fifth Amendment right to counsel upon being read *Miranda* rights, police must cease the interrogation until an attorney is present. *Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Police may not re-initiate an interrogation with a defendant who has requested counsel. *Id.* at 484–85, 101 S.Ct. 1880. This prohibition applies even if the interrogation is about an offense that is unrelated to the subject of the initial interrogation. *Roberson*, 486 U.S. at 678, 108 S.Ct. 2093.

■ In *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), the United States Supreme Court held that, once a person in police custody invokes his or her *Miranda* rights, the issue is whether the individual was interrogated in violation of the individual's undisputed right under *Miranda* to remain silent until the individual has consulted with a lawyer. *Id.* at 298, 100 S.Ct. 1682. Interrogation must reflect a measure of compulsion above and beyond that inherent in custody itself. *Id.* at 300, 100 S.Ct. 1682. The term "interrogation" refers not only to express questioning but also to any words or actions on the part of the police

---

2. On the other hand, the Sixth Amendment guarantees the right to counsel at all "critical stages" of a criminal prosecution. *Michigan v. Jackson*, 475 U.S. 625, 629–30, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). This right accrues when adversary judicial criminal proceedings are initiated, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). The Sixth

Amendment right "arises from the fact that the suspect has been formally charged with a particular crime and thus is facing a state apparatus that has been geared up to prosecute him." *Roberson*, 486 U.S. at 685, 108 S.Ct. 2093. The United States Supreme Court has stated that the Sixth Amendment right to counsel is offense specific. *See McNeil*, 501 U.S. at 175, 111 S.Ct. 2204.

that the police should know are reasonably likely to elicit an incriminating response. *Id.*

In the present case, the parties did not contest the issue of whether the actions of the police were reasonably likely to elicit an incriminating response. Thus, for purposes of this opinion, we will assume that the act of introducing an informant into the cell to talk to Bagshaw was reasonably likely to elicit an incriminating response. We must address, therefore, whether the discussion between Bagshaw and the jailhouse informant reflected a measure of compulsion above and beyond that inherent in custody itself.

In *Miranda,* the United States Supreme Court explained that its concern for adequate safeguards to protect Fifth Amendment rights exists when a defendant is thrust into an unfamiliar atmosphere and run through menacing police interrogation procedures and when the potentiality for compulsion is forcefully apparent. 384 U.S. at 457, 86 S.Ct. 1602. This atmosphere, according to the Supreme Court, carries its own badge of intimidation. *Id.*

Other courts have rejected Fifth Amendment challenges to jailhouse confessions given to undercover law enforcement agents or police informants when the defendant had previously invoked his or her Fifth Amendment right to counsel but the subsequent confessions were not obtained during custodial interrogations by police. *See United States v. Stubbs,* 944 F.2d 828 (11th Cir. 1991); *People v. Guilmette,* 1 Cal.App.4th 1534, 2 Cal.Rptr.2d 750 (1991). In *Stubbs,* the defendant, who had previously invoked her Fifth Amendment right to counsel, made an inculpatory statement to her codefendant while the two shared a jail cell. Unbeknownst to the defendant, the codefendant was working with a law enforcement agent. The Eleventh Circuit rejected the defendant's argument that the circumstances of her conversation with her codefendant and fellow prisoner reflected compulsion and amounted to interrogation for purposes of her Fifth Amendment right to counsel claim. The Eleventh Circuit concluded that, because the defendant was not interrogated by police, her Fifth Amendment right to counsel was not implicated by the conversations with her codefendant.

In *Guilmette,* a California appellate court held that the use of a tape recorded conversation between the defendant and the victim following the defendant's arrest and assertion of his *Miranda* rights did not violate the defendant's Fifth Amendment right to counsel. The victim, acting as a police agent, recorded her telephone conversations with the defendant. Some of the statements the defendant made to the victim were made in response to questions asked by the victim, some were in response to questions suggested by law enforcement, and some were not made in response to any question. In determining that the conversation between the jailed defendant and the victim was not "custodial interrogation" protected under *Miranda,* the court reasoned:

> [The defendant] contends, however, that his prior invocation of rights made to [law enforcement] somehow converts an unprotected conversation into a protected one under *Miranda.* Relying upon *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and related cases, [the defendant] argues that his invocation of *Miranda* rights forever barred further police questioning.... [W]e must conclude that [the defendant's] reliance on the *Edwards* rule is misplaced.

*Guilmette,* 2 Cal.Rptr.2d at 753. The court concluded that, although *Edwards* prohibits further interrogation of an accused after the individual has invoked his or her Miranda rights, *Edwards* does not prohibit all questioning by police but rather only questioning that constitutes police custodial interrogation. The court held that, because in this case custodial interrogation was lacking, the defendant's Fifth Amendment right to counsel was not implicated.

Although Bagshaw was incarcerated when he made incriminating statements to a jailhouse informant, Bagshaw spoke freely to his fellow inmate about the robbery. Bagshaw has not provided any evidence of coercion or compulsion on the part of the informant. Therefore, Bagshaw failed to show that the conversations between him and the jailhouse informant, a fellow inmate, occurred in a

coercive atmosphere that amounted to custodial police interrogation for purposes of his Fifth Amendment right to counsel claim. Because Bagshaw was not interrogated and *Miranda* was not implicated by the conversations between Bagshaw and the jailhouse informant, Bagshaw has failed to demonstrate error in the district court's order denying his motion to suppress.

## B. Jury Instruction Challenge

■ Bagshaw contends that the district court gave a jury instruction, which unfairly bolstered the testimony of the state's primary witness. The state argues that this Court should decline to consider Bagshaw's jury instruction challenge because it exceeds the scope of relief granted in Bagshaw's post-conviction case. In the district court's order confirming a bench ruling and reentering judgment, which effectively granted Bagshaw a second appeal from his judgments of conviction, the district court stated:

> In his [application for post-conviction relief], Mr. Bagshaw asserts one ground: that he received ineffective assistance of appellate counsel because counsel failed to pursue an appeal of the district court's denial of his motion to suppress incriminating statements [Bagshaw] made to a jailhouse informant.
>
> On August 27, 2003, the court, pursuant to the agreement of the parties, reinstated the criminal judgment as of that date, to allow [Bagshaw] time to file an appeal *as to the denial of the motion to suppress.*

(Emphasis added.)

The district court's order confirming the bench ruling and reinstating Bagshaw's judgments of conviction to allow him to file a second appeal notes that Bagshaw asserted only one ground for relief in his application for post-conviction relief, which concerned appellate counsel's failure to appeal the denial of Bagshaw's motion to suppress. The order states that the reason it reinstated the criminal judgments as of August 27, 2003, was to allow Bagshaw to file an appeal addressing whether the district court correctly denied his motion to suppress. Bagshaw did not raise this jury instruction challenge in his application for post-conviction relief. Bag-

shaw recognizes that the proper procedure for this challenge is in an application for post-conviction relief claiming ineffective assistance of appellate counsel for failing to raise the instructional issue in the first appeal. In asking this Court to consider the jury instruction challenge, Bagshaw is essentially asking this Court to make a finding that his appellate counsel was ineffective for failing to raise this issue in his first appeal without having followed the procedures set forth in the Uniform Post–Conviction Procedure Act. *See* I.C. §§ 19–4901 to –4911. We cannot do so. Bagshaw's challenge exceeds the scope of his application for post-conviction relief and the district court's order reinstating Bagshaw's judgments of conviction. Therefore, we decline to consider this issue.

## III.

## CONCLUSION

Bagshaw's Fifth Amendment right to counsel was not violated when police used a jailhouse informant to obtain evidence against him. Therefore, the district court did not err in denying Bagshaw's motion to suppress. We decline to consider Bagshaw's jury instruction challenge as it exceeds the scope of the district court's order reinstating Bagshaw's judgments of conviction. Accordingly, we affirm Bagshaw's judgments of conviction for robbery, kidnapping, and burglary.

Chief Judge LANSING and Judge GUTIERREZ concur.