**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44233**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Opinion No. 22** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 4, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **PHILLIP R. SMALLEY,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction for two counts of sexual abuse of a vulnerable adult and one count of forcible sexual penetration by a foreign object, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Phillip R. Smalley appeals from his judgment of conviction for two counts of sexual abuse of a vulnerable adult and one count of forcible sexual penetration by a foreign object. Smalley contends that the State failed to meet its burden of proving that the victim was a vulnerable adult as defined in I.C. § 18-1505(4)(e) or that the victim was unavailable under both the Confrontation Clause and the Idaho Rules of Evidence. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Smalley was employed at an assisted living facility and worked alone as the overnight caregiver. The victim, F.B., was a 102-year-old patient at the facility who had arthritis, wore

1

hearing aids, and spoke with a low voice. Her hands were deformed from the arthritis, she could only eat with a large-handled spoon, and she had difficulty swallowing. F.B. could not walk, sit up, stand, dress herself, shower, or roll over without assistance. She could only move between her chair and wheelchair with assistance and was incontinent. F.B. was, however, mentally alert and could communicate with those who interacted with her.

After F.B. alleged that Smalley sexually assaulted her overnight, she was transported by ambulance to the hospital for a sexual assault examination. F.B. told the nurse that there had been a similar sexual assault by Smalley a few weeks prior to the examination. The State charged Smalley with two counts of sexual abuse of a vulnerable adult and one count of sexual penetration by a foreign object. The State alleged that Smalley committed sexual abuse of a vulnerable adult by engaging in manual-genital contact with F.B., a vulnerable adult, and by forcibly penetrating F.B.'s genital and/or anal opening against her will. The State moved to take F.B.'s testimony by video deposition on the basis that F.B. was physically unable to attend court proceedings due to her age and because she was bedridden and under hospice care. The State supported its motion with a letter from F.B.'s physician who stated that F.B. could not tolerate a court appearance or the long drive to court. The State asserted that preservation of F.B.'s testimony was necessary to prevent a failure of justice. At the hearing on the State's motion, the prosecutor also noted that another alleged victim had died since the State filed its original complaint. The district court granted the motion, finding that, due to F.B.'s age and physical infirmity, F.B. was unable to attend court proceedings. F.B.'s deposition was subsequently taken at the assisted living facility where she lived. Smalley was represented by counsel at the deposition, which was videotaped and transcribed by a court reporter. F.B.'s deposition was admitted at the preliminary hearing in lieu of live testimony from F.B. The State also moved to admit F.B.'s deposition video and transcript in lieu of her live testimony at the trial, arguing that F.B. was unavailable to testify due to her physical conditions that were unlikely to improve by the start of the trial. Smalley objected to the motion, arguing that the deposition testimony was hearsay and violated his rights under the Sixth Amendment's Confrontation Clause and that F.B. was not unavailable for purposes of either the Confrontation Clause or the Idaho Rules of Evidence hearsay exceptions. After a hearing, the district court found F.B. was unavailable for trial and granted the State's motion. Portions of F.B.'s deposition video and transcript were

2

therefore admitted at trial. A jury found Smalley guilty of all three counts charged by the State. Smalley appeals.

## II.

## ANALYSIS

### A.      Vulnerable Adult Due to Physical Impairment

Smalley argues that the State failed to prove that F.B. was a vulnerable adult within the meaning of I.C. § 18-1505(4)(e). Specifically, Smalley contends that, although the State presented evidence that the victim was physically infirm, the plain language of I.C. § 18-1505(4)(e) required the State to prove that F.B. was mentally unable to protect herself--that she was mentally unfit, not just physically unfit. The State contends that physical impairment can satisfy the definition of vulnerable adult and that the State presented sufficient evidence from which the jury could conclude that F.B.'s physical impairments qualified her as a vulnerable adult. We hold that, under the plain language of I.C. § 18-1505(4)(e), a victim may qualify as a vulnerable adult based on physical impairments alone and that the State presented sufficient evidence from which the jury could conclude that F.B. was a vulnerable adult.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act. *State v. Shulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011). Statutory interpretation begins with the literal language of the statute. *Id.* Provisions should not be read in isolation, but must be interpreted in the context of the entire document. *Id.* The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. *Id.* Further, the Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. *Id.* When the statutory language is unambiguous, the clearly expressed intent of the legislative body as reflected in the plain language must be given effect, and the Court need not consider rules of statutory construction. *Id.*

Because Smalley was charged with and tried for two counts of sexual abuse of a vulnerable adult, one of the elements the State was required to prove was that F.B. was a vulnerable adult. Vulnerable adult is defined in I.C. § 18-1505(4)(e) as:

> [A] person eighteen (18) years of age or older who is unable to protect [her]self from abuse, neglect or exploitation due to physical or mental impairment which affects the person's judgment or behavior to the extent that [s]he lacks sufficient understanding or capacity to make or communicate or implement decisions regarding [her] person, funds, property or resources.

Smalley argues that the physical impairment language in the statute is only relevant to the extent it affects a person's mental understanding or capacity. The State argues that the use of the disjunctive "or" means that only one of the identified alternatives must be satisfied, one of which is based on physical impairment. Thus, the threshold question in this case is whether physical impairment alone can be sufficient to support a finding that someone is a vulnerable adult. We conclude that it can.

This Court has previously stated that the word "or" should be given its normal disjunctive meaning. *State v. Rivera*, 131 Idaho 8, 10, 951 P.2d 528, 530 (Ct. App. 1998). The word "or" is defined as "a function word to indicate (1) an alternative between different or unlike things, states, or actions . . .; (2) [a] choice between alternative things, states, or courses . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1585 (1993). The definition of vulnerable adult uses the word "or" to describe two alternatives related to the inability to protect oneself from abuse, neglect or exploitation--one is based on physical impairment and the other is based on mental impairment. The definition also includes various disjunctive clauses that relate back to the two alternatives. Reading the statute as a whole, and giving effect to every word in the statute including the statute's repeated use of the disjunctive "or," leads to the conclusion that if a person is unable to protect himself or herself from abuse, neglect, or exploitation because the person's physical *or* mental impairment affects the person's judgment *or* behavior to the extent the person lacks sufficient understanding *or* capacity to make *or* communicate *or* implement decisions regarding his or her person, that person qualifies as a vulnerable adult. Thus, a jury may find a person is a vulnerable adult if there is sufficient evidence of one or more of the alternatives identified in I.C. § 18-1505(4)(e). We reject Smalley's contrary interpretation of the statute because it improperly renders the word "physical" superfluous or void and ignores the statute's use of "or."

Applying the plain language of the vulnerable adult definition to the facts of this case, we easily conclude that the State offered sufficient evidence to support the jury's finding that F.B.

was a vulnerable adult. It is uncontested that F.B. was impaired to the point that she was physically unable to complete many daily tasks, such as sitting up, getting into her wheelchair, or rolling over. Based on the evidence presented, the jury could conclude that F.B. was unable to protect herself from abuse because her physical impairments affected her behavior to the extent that she lacked the capacity to implement decisions regarding her person.

In reaching our conclusion, we reject Smalley's argument that *State v. Knutsen*, 158 Idaho 199, 345 P.3d 989 (2015), stands for the proposition that the vulnerable adult definition requires the victim to be mentally unfit. In *Knutsen*, the defendant, who was a patient who checked himself into a psychiatric hospital to have his medication adjusted, made sexual contact with a female patient who had been admitted because she was depressed and suicidal. *Id.* at 200, 345 P.3d at 990. The female patient had a full-scale IQ of 72, which placed her in the borderline intellectual functioning range, meaning it was below average or below low average. The defendant was charged with and convicted of four counts of sexual abuse of a vulnerable adult as a result of his contact with the female patient. On appeal, the defendant argued that I.C. § 18-1505B was unconstitutionally overbroad because it interfered with his right of association. The Court rejected this argument, holding that the crime alleged did not involve private conduct between two mutually consenting adults because the victim, although an adult, was unable to consent as a matter of law. *Knutsen*, 158 Idaho at 204, 345 P.3d at 994. The Court reasoned that, although the word "consent" is not used in I.C. § 18-1505B, the legislature has determined that a vulnerable adult, as defined in the statute, is unable to consent to the sexual conduct described in the statute. *Id.*

Smalley argues that, because the Court in *Knutsen* spoke "in terms of the ability to consent," the Court "made it clear that the statutory definition of 'vulnerable adult' is couched in terms of the mental fitness or capacity--not the physical capabilities--of the person." The Court in *Knutsen* spoke in terms of the ability to consent because that was a factual predicate to the claim presented on appeal--whether his conduct was protected behavior between consenting adults. Nothing in *Knutsen* forecloses our conclusion that the plain language used to define vulnerable adult can also include vulnerability based on physical impairment.

A person is a vulnerable adult if he or she is unable to protect himself or herself from abuse due to physical impairments that affect his or her behavior to the extent he or she lacks the

5

capacity to implement decisions regarding his or her person. The State presented sufficient evidence that F.B. was a vulnerable adult.

**B.      Unavailability Under Confrontation Clause and Idaho Rule of Evidence 804(b)(1)**

Smalley contends that the district court erred in admitting F.B.'s deposition in lieu of her live testimony in violation of the Confrontation Clause and the Idaho Rules of Evidence. Specifically, Smalley argues that unavailability requires an "unqualified inability of the witness to attend trial," and the evidence presented by the State only showed it would have been inconvenient for F.B. to testify. The State argues that the district court did not err in admitting F.B.'s deposition testimony because the medical evidence established that F.B. was too frail to tolerate the trip to court or the court appearance. We find no error in the district court's decision.

As an initial matter, the parties dispute the standard of review applicable to the district court's decision to admit F.B.'s deposition testimony. The Idaho Supreme Court recently articulated the applicable standard in *State v. Anderson*, 162 Idaho 610, 402 P.3d 1063 (2017). In *Anderson*, the Court stated: "The determination of whether a witness is unavailable, such that preliminary hearing testimony is admissible, is evidentiary in nature. Evidentiary decisions are reviewed under an abuse of discretion standard." *Id.* at 617, 402 P.3d at 1070. The State cites this standard, and Smalley acknowledges the standard from *Anderson* but contends "the applicable standard of review is not quite so simple." Smalley argues that the standard of review should be de novo at least as to the meaning of the word "unavailable." In other words, Smalley contends that whether "unavailable" means "unqualified inability to attend" or whether "unavailable" means "mere inconvenience" is a legal question. Smalley further argues that, because the district court's unavailability determination is subsumed within his constitutional claim, de novo review must also apply to our determination of whether his Confrontation Clause rights were violated.

It is well-settled that Idaho Supreme Court precedent is binding on this Court and on the trial courts of this state. *See State v. Guzman*, 122 Idaho 981, 987, 842 P.2d 660, 666 (1992). Thus, we will apply the abuse of discretion standard articulated by the Court in *Anderson*. To the extent that standard did not contemplate or exclude Smalley's assertion that this Court should define unavailability as a matter of law, we decline to do so. Whether a witness is unavailable is necessarily fact-based and not amenable to a subjective bright-line definition like "unqualified

6

inability to attend," which only begs further explanation as to the meaning of "unqualified." Moreover, Rule 804(a)'s nonexhaustive list of circumstances which constitute unavailability all but forecloses Smalley's request that we define the meaning of unavailability. The question, therefore, is whether the district court abused its discretion in concluding that F.B. was unavailable such that her deposition testimony was properly admitted at Smalley's trial. Under the abuse of discretion standard, Smalley asserts the district court applied the wrong legal standard because it "essentially" ruled that F.B. was unavailable "because her attendance at trial would have been burdensome" and a "mere inconvenience." We disagree.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). The legal standards applicable to the district court's decision whether to admit F.B.'s deposition testimony are set forth in Rule 804(b) and in the Sixth Amendment's Confrontation Clause. Although the two rules of law are not co-extensive, the United States Supreme Court has noted that the hearsay rule and the Confrontation Clause serve to protect similar values. *California v. Green*, 399 U.S. 149, 155 (1970). That is, both of these rules of law seek, subject to limited exceptions, to preserve the opportunity for cross-examination of persons whose declarations are placed before the fact-finder and to aid the fact-finder's ability to assess the declarant's credibility by viewing that individual as the testimony is given. Each rule, however, is subject to exceptions and limitations. Rule 804(b)(1) recognizes a hearsay exception, when the witness is unavailable, for:

> Testimony given as a witness at another hearing of the same or different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.

The Confrontation Clause gives a criminal defendant the right to be confronted with the witnesses against him or her. U.S. CONST. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 42 (2004). The Confrontation Clause bars the admission of testimonial hearsay statements of a

7

witness unless the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant. *State v. Stanfield*, 158 Idaho 327, 332, 347 P.3d 175, 180 (2014). Under the hearsay exception, unavailability includes circumstances in which the declarant is "unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity." I.R.E. 804(a)(4). For Confrontation Clause purposes, a declarant is unavailable if the prosecutorial authorities have made a good-faith effort to obtain his or her presence at trial. *State v. Bagshaw*, 137 Idaho 613, 616, 51 P.3d 427, 420 (Ct. App. 2002). The lengths to which the prosecution must go to produce a witness is a question of reasonableness. *Id.*

The State filed a motion to admit F.B.'s deposition testimony, arguing that F.B. was unavailable due to an existing physical illness or infirmity, which was based on F.B.'s age; that F.B. was bedridden and under hospice care; and that F.B. could not be safely transported to court. In support of the motion, F.B.'s hospice nurse testified about F.B.'s physical condition and explained that F.B. was not able to stand or move on her own, needed assistance to be moved from her recliner to her wheelchair, and only left her assisted living home once during the year the witness cared for F.B., which was by ambulance to go to the hospital for a medical examination following the alleged assault by Smalley. The State also offered two letters from doctors with knowledge of F.B.'s physical condition. The letters described F.B. as needing "full assistance with all Activities of Daily Living" and having a bed-to-chair existence. The district court also considered the video of F.B.'s deposition as well as the written transcript of F.B.'s deposition testimony. The district court took the matter under advisement and later issued a memorandum decision in which it granted the State's motion. The district court found that F.B. was unavailable and that Smalley had a prior opportunity to cross-examine F.B. during the deposition, which was taken for the purpose of preserving F.B.'s testimony for the court proceedings in this case. We disagree with Smalley's assertion that the district court applied an incorrect legal standard in reaching its conclusion. The district court premised its unavailability determination on a finding that F.B. was unable to be present at trial due to her physical condition, not that her attendance would be burdensome or "merely inconvenient." This finding was not contrary to Rule 804 or the Confrontation Clause given F.B.'s physical infirmities and the State's efforts to protect Smalley's right and aid the fact-finder's ability to assess F.B.'s

credibility by preserving F.B.'s testimony for trial through a deposition where F.B. was subject to cross-examination.

Further, while Idaho courts have not considered unavailability in relation to the elderly, other jurisdictions have held that an infirmity which prevents an elderly witness from traveling is an exceptional circumstance that justifies the use of deposition testimony at trial. *See, e.g.*, *United States v. Campbell*, 845 F.2d 1374, 1377-78 (6th Cir. 1988); *United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984); *State v. Christian*, 364 S.W.3d 797, 801-02 (Mo. Ct. App. 2012); *Caldwell v. State*, 916 S.W.2d 674, 676 (Tex. App. 1996).[1] For example, in *Keithan*, the First Circuit considered whether two elderly witnesses were unavailable for trial such that their depositions could be admitted in lieu of live testimony. The witnesses were an eighty-seven-year-old who had a back condition that prevented him from walking and an eighty-three-year-old who was confined to her home due to a heart condition. *Keithan*, 751 F.2d at 12. The court also considered the defendant's right to confrontation and noted that the defendant's attorney had been present at the deposition and made full use of the right of cross-examination. Thus, the court held that the district court did not abuse its discretion in admitting the videotaped depositions at trial. *Id.* at 13. Similarly, F.B.'s physical infirmities, which are at least as debilitating as the witnesses in *Keithan*, supported a finding of unavailability for purposes of the hearsay exception and the Confrontation Clause. Accordingly, the district court did not abuse its discretion in admitting F.B.'s deposition testimony in light of its conclusion, based on the evidence presented, that F.B. was unavailable to testify.

### III.

### CONCLUSION

The State offered sufficient evidence to find that the victim was a vulnerable adult under I.C. § 18-1505(4)(e) and unavailable under the Confrontation Clause and I.R.E. 804(a)(4). The

---

[1] Smalley contends that these cases are distinguishable because they were "decided under other jurisdictions' evidentiary rules" and the witnesses found to be unavailable in those cases had a "true inability to attend trial." These contentions lack merit. Smalley identifies no meaningful distinction between I.R.E. 804(a)(4), Federal Rule of Evidence 804(a)(4), or the state evidentiary rules at issue in *Christian* and *Caldwell* with respect to the unavailability requirement. Smalley also fails to identify any meaningful difference between the condition of the witnesses in the cases cited and F.B.'s condition, much less a difference that would demonstrate an abuse of discretion by the district court in this case.

district court did not abuse its discretion in admitting F.B.'s deposition testimony based on its finding that the victim was unavailable. Smalley's judgment of conviction for two counts of sexual abuse of a vulnerable adult and one count of forcible sexual penetration by a foreign object is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.