# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44768

| | |
|---|---|
| In the Matter of the Estate of ROBERT ERNEST MELTON and HEDWIG "HEDY" MELTON, Deceased. | ) ) ) |
| ------------------------------------------------------- | ) ) Boise, December 2017 Term |
| JADIGWA MELTON, Personal Representative, | ) ) 2018 Opinion No. 2 |
| | ) |
| Plaintiff-Appellant, | ) Filed: January 4, 2018 |
| | ) |
| v. | ) Karen A. Lehrman, Clerk |
| | ) |
| HEINZ ALT, | ) |
| | ) |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District of the State of Idaho, Boundary County. Hon. John R. Stegner, District Judge.

The district court's decision is reversed. This case is remanded to the district court for further proceedings consistent with this Opinion. No attorney fees or costs on appeal are awarded to either party.

Cusack Law Firm, PLLC, Coeur d'Alene, attorneys for appellant. Mary W. Cusack argued.

Featherston Law Firm, Chtd, Sandpoint, attorneys for respondent. Brent Featherston argued.

_____

JONES, Justice.

## I. NATURE OF THE CASE

In an appeal arising out of Boundary County, Appellant, Jadwiga Melton ("Jadwiga"), challenges a district court's determination that Respondent, Heinz Alt ("Heinz"), filed a timely claim against the Estate of Robert Ernest Melton ("Robert") and Hedwig Melton ("Hedy"). Hedy died in 2008, and in 2010 Robert married Jadwiga. In 2013, Robert died. Jadwiga commenced joint probate proceedings for both Hedy and Robert, pursuant to Idaho Code section 15-3-111, because Hedy's will was never probated. Heinz filed a creditor claim against the estate for

1

approximately to the penny $102,574.50, alleging that he loaned money to Hedy and Robert to build a home and in exchange they agreed to execute wills that would leave their estate to him. Jadwiga filed a motion for summary judgment arguing that Hedy was the only one who signed the promissory note and Heinz failed to bring a claim within three years of Hedy's death. The magistrate court determined that, because Heinz failed to bring the claim against Hedy's estate within three years of her death, his claim was barred by Idaho Code section 15-3-803. Heinz appealed and the district court reversed the magistrate court, holding that Heinz's claim was timely, pursuant to Idaho Code section 15-3-111, because Heinz brought his creditor claim within three years of Robert's death.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Heinz, the biological son of Hedy and stepson of Robert, alleged that he loaned Hedy and Robert money so that they could purchase real property and construct a home in Bonners Ferry, Idaho. Heinz loaned the money on the condition that Robert and Hedy would execute wills leaving their estate to Heinz. Accordingly, Hedy executed a will directing all of her property to Robert, and, in the event that Robert predeceased her, to Heinz. Similarly, Robert executed a will directing all of his property to Hedy, and, in the event that Hedy predeceased him, to Heinz.

Hedy passed away in 2008, and her will was not probated. In June 2010, Robert married Jadwiga, and he executed a new will that named Jadwiga as the sole heir to his estate. Robert passed away on July 4, 2013. Jadwiga filed a Petition for Formal Probate Proceedings, wherein she stated that Robert's estate and Hedy's estate could be joined, pursuant to Idaho Code section 15-3-111, because a probate proceeding had not been initiated on Hedy's estate.

Heinz filed a Claim Against the Estate seeking $102,574.50 as repayment of his loan. Heinz attached two handwritten notes, which were signed solely by Hedy and stated that $102,574.50 was used to build a home in Bonners Ferry, Idaho. Jadwiga filed a Notice of Disallowance with the magistrate court, asserting that Heinz's claim was untimely because Heinz failed to present it within three years of Hedy's death and there was no documentation that Robert owed a debt to Heinz.

Jadwiga filed a Motion for Summary Judgment, which: (1) claimed that her Notice of Disallowance was timely; and (2) argued that Heinz's claim was time-barred because Hedy was the only one who signed the promissory note and Heinz had failed to bring a claim within three years of Hedy's death, as required by Idaho Code section 15-3-803(a). Heinz opposed the

2

Motion for Summary Judgment, asserting that: (1) his claim should be allowed because Jadwiga's Notice of Disallowance was not timely; and (2) the proceeds of his loan to Robert and Hedy was a community debt and there was not an estate against which he could have filed a claim until Jadwiga opened a probate in 2014.

On October 8, 2015, the magistrate court issued its Memorandum Opinion. The magistrate court first determined that Jadwiga's Notice of Disallowance of Heinz's claim was timely. Next, the magistrate court considered whether Heinz's claim against Hedy's estate was time-barred. The magistrate court determined that there was nothing in Idaho Code section 15-3-111 that suggested that a creditor's deadline to present a claim could be tolled merely because the estate was subsequently jointly probated. The magistrate court reasoned that the legislature was capable of extending a probate-related statute of limitations period, as evidenced by its extension of the three-year statute of limitations period to the spouse whose death occurs last (set forth in Idaho Code section 15-3-108). Thus, the absence of a similar extension as to the three-year creditor's bar (set forth in Idaho Code section 15-3-803(a)(1)) was dispositive. Ultimately, the magistrate court concluded that Heinz's claim against Hedy's estate was not presented within three years of her death; therefore, it was time-barred by Idaho Code section 15-3-803(a)(1). However, the magistrate specifically noted that Heinz could still proceed with his claim against Robert's estate. Heinz appealed the magistrate court's decision to a district court.

After oral argument, the district court issued its Opinion on Appeal. First, the district court held that the magistrate court correctly determined that Jadwiga's Notice of Disallowance as to Heinz's claim was timely. Next, the district court considered whether Heinz's claim against Hedy's estate, which he did not bring within three years of her death, was time-barred by Idaho Code section 15-3-803. The district court began by noting that "[t]he three year limitation for creditors in I.C. § 15-3-803(1)(a) parallels the general time limit for probating an estate. I.C. § 15-3-108 states: 'No formal probate or appointment proceeding or formal testacy or appointment proceeding . . . may be commenced more than three (3) years after the decedent's death.'"

The district court went on to explain that the legislature amended Idaho Code section 15-3-111 in 1995 to provide that the three year statute of limitation as to section 15-3-108 only applied to the death of the spouse whose death occurred last. The district court noted that "[a] basic tenet of statutory construction is that the more specific statute or section addressing an issue controls over the statute that is more general," and it reasoned that Idaho Code section 15-

3

3-111 was a specific statute, while Idaho Code section 15-3-108 and 15-3-803(a)(1) were more general. Accordingly, the district court held that, because the three-year statute of limitation as to Idaho Code section 15-3-108 only applied to the spouse whose death occurred last, then "it would follow that the three year timeframe set out in I.C. § 15-3-803(a)(1) would also only apply to the death of the spouse whose death occurred last in probate actions filed pursuant to I.C. § 15-3-111." Further, the district court held that interpreting Idaho Code section 15-3-803(a)(1) as barring creditor's claims against the estate of the spouse whose death occurred first when a joint probate was opened would produce an absurd result. That is, if the statute of limitations for the first spouse to die was not tolled, then the only estate to probate would be that of the second spouse to die. Ultimately, the district court: (1) affirmed the magistrate court's decision that Heinz's claim was timely disallowed by Jadwiga; and (2) reversed and remanded the magistrate court's decision that Heinz's claim against Hedy's estate was barred by Idaho Code section 15-3-803.

The district court denied Heinz's request for attorney fees; however, the district court determined that the time for Jadwiga to respond and object to Heinz's claimed costs had not expired, and that it would make a decision once the time period for Jadwiga's objection had passed. Subsequently, Jadwiga objected to Heinz's request for attorney fees and costs arguing that he had failed to meet the requirements of Idaho Appellate Rule 40(a).

Jadwiga appealed the district court's decision.[1]

### III. ISSUES ON APPEAL

1.  Whether the district court erred when it construed the statutory language of Idaho Code section 15-3-111.

2.  Whether either party is entitled to attorney fees and costs on appeal.

### IV. STANDARD OF REVIEW

This Court reviews a ruling on summary judgment under the same standard as the trial court. *Gracie, LLC v. Idaho State Tax Comm'n*, 149 Idaho 570, 572, 237 P.3d 1196, 1198 (2010). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any,

---

[1] Initially, this Court entered an order that conditionally dismissed the appeal because the 54(b) judgment contained a conclusion of law. On February 7, 2017, the magistrate court issued an Amended Judgment that removed the conclusion of law, but did not include a judgment as to the statute of limitations issue. On February 14, 2017, this Court withdrew the previous order, and ordered Jadwiga to file an Amended Notice of Appeal. On February 27, 2017, the magistrate court issued a Second Amended Judgment that included a judgment relating to the statute of limitations issue. Jadwiga timely filed an Amended Notice of Appeal.

4

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Disputed facts "should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). The interpretation of a statute is a question of law that the Supreme Court reviews de novo. *State v. Schulz*, 151 Idaho 863, 865, 264 P.3d 970, 972 (2011).

*Hayes v. City of Plummer*, 159 Idaho 168, 170, 357 P.3d 1276, 1278 (2015).

## V. ANALYSIS

**A.     The district court erred when it construed the statutory language of Idaho Code section 15-3-111 because the statute is not ambiguous.**

Jadwiga argues that the district court erred when it interpreted Idaho Code section 15-3-111 to extend the creditor claim limitations set forth in Idaho Code section 15-3-803. Jadwiga reasons that statutory construction is only appropriate when a statute is ambiguous and that a statute is not ambiguous merely because there is more than one interpretation. Jadwiga maintains that Idaho Code 15-3-111 is not ambiguous; therefore, the district court erred when it failed to apply the statute according to its plain language.

Heinz argues that the district court did not err in interpreting the probate code because it considered the probate code as a whole instead of focusing on a specific statute in isolation.

This Court exercises free review over statutory interpretation because it is a question of law. *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013).

> The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act. Statutory interpretation begins with the literal language of the statute. Provisions should not be read in isolation, but must be interpreted in the context of the entire document. The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction.

*Id*. at 361–62, 313 P.3d at 17–18 (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)).

A statute is ambiguous where the language is capable of more than one reasonable construction. *Porter v. Board of Trustees, Preston School Dist. No. 201*, 141 Idaho 11, 14, 105 P.3d 671, 674 (2004) (citing *Jen-Rath Co.*, *Inc. v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002)). However, "[a]mbiguity is not established merely because differing interpretations

5

are presented to a court; otherwise, all statutes subject to litigation would be considered ambiguous." *Id*. (internal citation omitted). "[W]here statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (internal citation omitted). Accordingly, "if statutory language is clear and unambiguous, the Court need merely apply the statute without engaging in any statutory construction." *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). "[T]his Court has been reluctant to second-guess the wisdom of a statute and has been unwilling to insert words into a statute that the Court believes the legislature left out, be it intentionally or inadvertently." *Saint Alphonsus Reg'l Med. Ctr. v. Gooding Cnty.*, 159 Idaho 84, 89, 356 P.3d 377, 382 (2015).

Idaho Code section 15-3-108 provides that "[n]o informal probate or appointment proceeding or formal testacy or appointment proceeding . . . may be commenced more than three (3) years after the decedent's death." I.C. § 15-3-108.

Idaho Code section 15-3-111 sets forth the statutory requirements for joint probate:

> In cases in which a marital community has been dissolved by the death of either spouse at any time, the survivor was then entitled to all of the property of the decedent by will, law, or both, and the survivor died before any proceeding had been commenced for the probate of the estate of the spouse whose death occurred first, the estates of both decedents may be joined for probate in a single proceeding in any court having jurisdiction of the estate of the spouse whose death occurred last. The three (3) year provision of section 15-3-108, Idaho Code, applies only to the death of the spouse whose death occurred last. The initial application or petition filed in any such joint proceeding shall contain a statement of the facts upon which such joint proceeding is based, in addition to all other statements required by this code to be made therein.

I.C. § 15-3-111.

Idaho Code section 15-3-803 sets forth the limitations on the presentation of creditor claims, and provides that:

> (a) All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof (except claims for state taxes), whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by another statute of limitations or nonclaim statute, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within the earlier of the following dates:
>
> (1) three (3) years after the decedent's death . . .

6

I.C. § 15-3-803(a).

We find that the plain language of the statutes at issue, Idaho Code sections 15-3-108, 15-3-803(a) and 15-3-111, is clear and unambiguous; therefore, this Court must only apply the words of the statutes to the facts at hand. *See Dunlap*, 155 Idaho at 361, 313 P.3d at 17 ("Statutory interpretation begins with the literal language of the statute. . . . and words should be given their plain, usual, and ordinary meanings.").

Generally, Idaho Code section 15-3-108 provides that no probate may be commenced more than three years after the decedent's death. I.C. § 15-3-108. However, Idaho Code section 15-3-111 carves out a narrow exception to this three-year period when: (1) a marital community is dissolved by the death of a spouse; (2) the surviving spouse was entitled to all of the decedent spouse's property; and (3) the surviving spouse died before any proceeding had been initiated on the estate of the spouse who died first. I.C. § 15-3-111. If these specific circumstances are present, then "the estates of both decedents may be joined for probate in a single proceeding" and "[t]he three (3) year provision of section 15-3-108, Idaho Code, applies only to the death of the spouse whose death occurred last." *Id*. In other words, while Idaho Code 15-3-108 typically requires probate proceedings to be initiated within three years of a decedent's death, Idaho Code section 15-3-111 provides a narrow exception, which tolls the three-year period until to the surviving spouse dies.

Idaho Code section 15-3-803(a) contains plain and unambiguous language and addresses a completely separate probate issue than the aforementioned statutes, *i.e.*, *the time during which claims against an estate must be brought*. I.C. § 15-3-803 (emphasis added). It imposes a three-year timeframe to bring a claim against a decedent's estate, which begins to run at the decedent's death. *Id*. at (a).

Idaho Code section 15-3-111 specifically references 15-3-108; therefore, it makes sense to read the statutes together. Alternatively, Idaho Code section 15-3-111 makes no mention of Idaho Code section 15-3-803; therefore, it does not make sense to read the statutes together. This Court is reluctant to insert words into a statute that the Court believes the legislature left out, be it intentionally or inadvertently. *Saint Alphonsus Reg'l Med. Ctr.,* 159 Idaho at 89, 356 P.3d at 382. The legislature has provided no indication that Idaho Code sections 15-3-111 and 15-3-803 are related, other than the fact that they both address the general topic of probate.

7

Further, the legislature has demonstrated that it has the ability to modify and create exceptions to general probate rules, *i.e.*, under Idaho Code section 15-3-111, when a joint probate has been opened, the three year time period to open a probate does not begin to run until the death of the surviving spouse. The legislature could have also created an exception to extend the time period during which a creditor could bring a claim against a decedent's estate. However, the legislature has not done so. Therefore, we are left to apply the clear and unambiguous language of the statute. *See Burnight*, 132 Idaho at 659, 978 P.2d at 219.

We hold that the district court erred when it construed Idaho Code section 15-3-111 to extend the timeframe to bring a creditor claim against the estate of the first spouse to die. As a result, any claim against Hedy's estate is barred pursuant to Idaho Code section 15-3-803(a), because Heinz failed to bring a claim within three years of Hedy's death. However, Heinz's claim against Robert's estate is not time-barred; accordingly, the case is remanded for further proceedings with respect to claims against Robert's estate.

**B.      Neither party is awarded attorney fees or costs on appeal.**

Both parties requested attorney fees and costs on appeal. However, because the case has been remanded with respect to claims against Robert's estate there is no prevailing party in this litigation. Accordingly, we do not award attorney fees or costs to either party.

## VI. CONCLUSION

We hereby reverse the district court's decision and remand for further proceedings consistent with this opinion. Neither party is awarded attorney fees or costs on appeal.

Chief Justice BURDICK, Justices HORTON, BRODY and BEVAN, CONCUR.