IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46410

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Opinion Filed: October 8, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| MICHAEL WATSON CONICONDE, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and concurrent, unified sentences of five years, with two years determinate, for felony fleeing or attempting to elude a peace officer and felony placing obstructions on railroad tracks, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Michael Watson Coniconde appeals from the district court's judgment of conviction. Coniconde asserts the district court erred in ordering his driver's license suspension commence upon release from incarceration because Idaho Code § 49-1404(3) mandates that driver's license suspensions for felony eluding offenses begin upon judgment of conviction. The State argues that I.C. § 49-1404(3) is silent as to when the period for suspension begins, but I.C. § 49-326A requires driver's license suspensions commence upon release from incarceration. We affirm the district court's judgment of conviction.

Idaho Code § 49-1404(3) is silent on whether the driver's license suspension begins to run from the date of the judgment of conviction or the date of release from incarceration. We conclude that the date upon which the period of suspension begins is discretionary with the

1

district court. Because the district court acted within its discretion when it ordered Coniconde's driver's license suspension commence upon release from incarceration, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to an Idaho Criminal Rule 11 plea agreement, Coniconde pleaded guilty to fleeing or attempting to elude a peace officer in violation of I.C. § 49-1404(2) and placing obstructions on railroad tracks in violation of I.C. § 18-6009, both felonies. The plea agreement did not include any terms related to the length or period of commencement of the driver's license suspension. The district court imposed concurrent, unified sentences of five years, with two years determinate, for each charge. The district court suspended Coniconde's driver's license for three years and ordered it commence upon his release from incarceration, for the felony eluding charge.

Coniconde filed a timely notice of appeal contesting the driver's license suspension and a motion for reconsideration of sentence, pursuant to Idaho Criminal Rule 35, asking the district court to shorten the length of the suspension and order it to begin upon his conviction for the eluding offense. Pursuant to I.C.R. 35, the district court found that Coniconde's behavior during incarceration warranted a reduction in the duration of the driver's license suspension from three years to eighteen months. The district court indicated that I.C. § 49-1404 provided judicial discretion to determine when a suspension should begin. Based on circumstances surrounding the offenses and Coniconde's driving history, the district court found that Coniconde demonstrated a disregard for public safety that warranted commencing the driver's license suspension upon Coniconde's release from incarceration, rather than from the judgment of conviction. The district court further stated that to allow Coniconde to serve the driver's license suspension while incarcerated would act neither as punishment nor deterrence, as Coniconde cannot drive while incarcerated.[1] Therefore, the district court denied Coniconde's request to modify the date for the driver's license suspension to begin.

---

[1] Coniconde argues an active driver's license suspension prohibits eligibility for certain employment opportunities that are available to inmates with valid licenses; therefore the district court erred when it determined that to allow an individual to serve a driver's license suspension while incarcerated would not serve as punishment. However, during the Idaho Criminal Rule 35 hearing, Coniconde disclosed that individuals who are incarcerated because of eluding convictions are not eligible for these positions, regardless of the status of their driver's license

2

## II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

## III.

## ANALYSIS

Idaho Code § 49-1404 specifies the penalty for fleeing or attempting to elude a peace officer, which includes a driver's license suspension. Idaho Code § 49-1404(3) provides:

> The department shall suspend the driver's license or privileges of a person who has pled guilty or is found guilty of a misdemeanor violation of the provisions of this section, notwithstanding the form of the judgment or withheld judgment, as provided in section 49-326, Idaho Code. Any person who has pled guilty or is found guilty of a felony violation of the provisions of this section, notwithstanding the form of the judgment or withheld judgment, shall have his

suspensions. Further, Idaho appellate courts have consistently held that driver's license suspensions are not punishment, no matter the length of suspension. *Williams v. State*, 153 Idaho 380, 388, 283 P.3d 127, 135 (Ct. App. 2012). Therefore, because suspensions do not serve as punishment and it is the eluding charge and not the driver's license suspension that prohibits Coniconde from being eligible for these positions, this argument need not be addressed.

3

driving privileges suspended by the court for a minimum of one (1) year, which may extend to three (3) years, at the discretion of the court, during which time he shall have absolutely no driving privileges of any kind.

Thus, when an individual is convicted of eluding a peace officer under I.C. § 49-1404, a driver's license suspension is mandatory. However, the terms and nature of the suspension depend on whether the conviction is a misdemeanor or a felony. By its own terms, I.C. § 49-1404 creates a bifurcated process: driver's license suspensions for individuals guilty of misdemeanors are instituted by the Department of Motor Vehicles (Department) pursuant to I.C. § 49-326, while suspensions for individuals guilty of felonies are ordered judicially by the district court, pursuant to I.C. § 19-1404(3).

This bifurcation has consequences. When driver's license suspensions for misdemeanor eluding convictions are ordered by the Department, all discretion from the process is removed. The Department must implement a suspension of thirty, ninety, or 365 days, depending on the individual's number of eluding convictions within certain time period, and the suspension must commence upon judgment of conviction. I.C. § 49-326(f). In contrast, I.C. § 49-1404(3) provides that driver's license suspensions for felony eluding convictions must be ordered judicially. The statute grants the district court discretion to determine the length of the suspension, within the range of one to three years, but is silent regarding when the suspension commences.

Because the statute is silent, both Coniconde and the State direct this Court to related statutory provisions they contend mandate when driver's license suspensions for felony eluding convictions begin. Coniconde argues that I.C. § 49-326 requires driver's license suspensions for felony eluding offenses, like misdemeanors, to commence upon conviction. In the alternative, Coniconde claims the rules of statutory construction, policy of the statute, and rule of lenity require that driver's license suspensions for felony eluding offences begin upon judgment of conviction. The State argues the provisions of I.C. § 49-326A(3) require that driver's license suspensions for felony eluding convictions begin upon release from incarceration. While it is true that statutory provisions should be considered as a whole, in the context of the entire document, *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011), neither statutory provision constrains a district court's discretion to set the commencement date of a driver's license suspension as the result of a felony eluding conviction.

4

Idaho Code § 49-326 describes the authority of the Department to suspend driver's licenses for, in the relevant section, misdemeanor eluding convictions. Coniconde has been convicted of felony eluding, an offense outside the expressed parameters of I.C. § 49-326, and subject to a judicial suspension of his driver's license, a process different from the misdemeanor provisions of I.C. § 49-1404(3). Because I.C. § 49-326 neither applies by its own terms nor by the language of I.C. § 49-1404(3), it does not impose a mandate upon a district court to order driver's license suspensions for felony eluding offenses to commence upon the judgment of conviction.

Similarly, I.C. § 49-326A does not require driver's license suspensions for felony eluding convictions to begin upon release from incarceration. Idaho Code § 49-326A provides the procedure by which the Department administers driver's license suspensions when a court orders the suspension for any underlying offense to commence upon release from confinement. *See Cafferty v. State, Dep't of Transp., Div. of Motor Vehicle Servs.*, 144 Idaho 324, 329-30, 160 P.3d 763, 768-69 (2007). Therefore, I.C. § 49-326A mandates only that, if the court orders a driver's license suspension to begin upon release from incarceration, the Department must ensure its procedures follow that order. *Cafferty* does not hold that a district court must order a driver's license suspension for a felony eluding conviction to commence upon release from incarceration. Consequently, as no accompanying statute imposes restrictions upon when a district court can order a driver's license suspension for felony eluding to commence, this Court's analysis must center upon the language of I.C. § 49-1404(3).

Statutory interpretation begins with the literal language of the statute because its objective is to derive the intent of the legislative body that adopted the act. *Schulz*, 151 Idaho at 866, 264 P.3d at 973. A court must give the statute's language its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. Generally, when a statute is silent as to a term, courts lack the authority to add to what the text states or reasonably implies. *See Iselin v. United States*, 270 U.S. 245, 251 (1926) ("To supply omissions transcends the judicial function.").

Here, I.C. § 49-1404(3) plainly does not mandate a specific time for the commencement of a driver's license suspension for a felony eluding conviction. This silence does not create ambiguity because if the legislature wanted to limit the district court's discretion regarding when a driver's license suspension must begin, it would have included explicit language mandating the

5

outcome, as it has in other license suspension statutes. For example, I.C. § 18-8005(4)(e) requires driver's license suspensions for subsequent driving under the influence convictions commence upon release from incarceration, while I.C. § 49-327(f) requires suspensions for reckless driving offenses begin upon the judgment of conviction. The omission of similar language from I.C. § 49-1404(3) reasonably implies that the legislature did not intend to limit judicial discretion over the commencement of a driver's license suspension for a felony eluding conviction. The district court must consider the nature and circumstances of the underlying behavior to determine an appropriate length of a driver's license suspension. The same factors that inform a district court's decision about the length of suspension also inform the district court's decision about when to commence the suspension. Absent statutory language that a driver's license suspension for felony eluding must commence upon either judgment of conviction or release from incarceration, a district court acts within its discretion in determining on an individualized basis when to begin a mandatory driver's license suspension in a felony eluding case. Because I.C. § 49-1404(3) is unambiguous, Coniconde's other arguments regarding the statute need not be addressed.

## IV.

## CONCLUSION

Idaho Code § 49-1404(3) does not mandate that a driver's license suspension for a felony eluding offense must begin upon judgment of conviction, therefore the time of commencement is discretionary within the district court. Accordingly, the district court acted within its discretion when it ordered Coniconde's driver's license suspension to commence upon release from incarceration. We affirm the district court's judgment of conviction.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.

6