**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 49619**

| | | |
|---|---|---|
| In the Interest of:  John Doe (2022-15), | ) | |
| Juvenile Under Eighteen (18) Years of Age. | ) | |
| ------------------------------------------------------------- | ) | **Boise, June 2023 Term** |
| STATE OF IDAHO, | ) | |
| | ) | **Opinion filed: September 5, 2023** |
| Petitioner-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| JOHN DOE (2022-15), | ) | |
| | ) | |
| Juvenile-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Gerald F. Schroeder, Senior District Judge. Cathleen MacGregor Irby, Magistrate Judge.

The decision of the district court is affirmed.

Eric Don Fredericksen, State Appellate Public Defender, Boise, for Appellant. Andrea Reynolds argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Kenneth Jorgensen argued.

_____

MOELLER, Justice.

This case concerns whether Idaho Code section 20-528 permits a juvenile defendant to bring an interlocutory appeal as a matter of right from a magistrate court's denial of a motion to suppress. After methamphetamine was found on his person during a pat search, Appellant John Doe was charged with felony possession of a controlled substance and two related misdemeanors under the Juvenile Corrections Act ("JCA"). I.C. §§ 20-501 to 20-549. Doe filed a motion to suppress this evidence as the product of an unlawful search under the Fourth Amendment, which the magistrate court denied.

Doe then sought permission to appeal the magistrate court's decision to the district court, sitting in its intermediate appellate capacity. When the magistrate court denied permissive appeal,

1

an intermediate appeal was filed with the district court. The district court dismissed Doe's appeal, concluding that a permissive appeal was not available to Doe because he had not yet been adjudicated of any violation under the JCA. Doe then appealed to this Court, arguing that (1) he is "within the purview" of the JCA and (2) Idaho Code section 20-528 permits an appeal as a matter of right to a juvenile defendant whose motion to suppress has been denied.

For the reasons set forth below, we conclude that the plain language of the statute does not permit a juvenile defendant to file this type of interlocutory appeal. Accordingly, we affirm the district court's dismissal of John Doe's interlocutory appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to this appeal are not in dispute. On May 12, 2021, residents in a Meridian neighborhood called law enforcement to report a "suspicious" sedan parked on the street in which the driver appeared to be "slumped over" the steering wheel. Officer Seth Frauenpreis and Corporal Jeremy Lindley arrived and found three juvenile occupants in a vehicle matching the report's description. The officers attempted to contact the driver who appeared to be nonresponsive. John Doe, then 17 years old, an occupant in the backseat, attempted to rouse the driver by shaking his shoulder.

While Off. Frauenpreis questioned the driver, Cpl. Lindley began to question Doe in the backseat through an open passenger door. When asked his name, Doe initially gave his correct first name, current address, and his mother's phone number. However, he also provided a false surname, specifically his mother's maiden name. While Doe was being questioned, police dispatch informed Cpl. Lindley via a handheld radio that there were four outstanding arrest warrants for a juvenile of the same first name, physical description, and birthdate as Doe, which made him suspect Doe was lying about his identity.

Cpl. Lindley asked Doe to step out of the vehicle. Although not in his initial report, Cpl. Lindley testified at the suppression hearing that he had concerns for officer safety because he feared that Doe might flee. He then conducted a pat search on Doe. On detecting an object in Doe's pocket, Doe informed Cpl. Lindley that it was his wallet but that he did not have identification on him. Doe consented to the removal of his wallet. Inside the wallet Cpl. Lindley found a short plastic straw and a rolled-up baggie of methamphetamine. Cpl. Lindley then arrested Doe. Just before

reading Doe his *Miranda* rights,[1] Doe confirmed his correct surname and identity. He also confirmed he was aware of his outstanding arrest warrants.

Further inspection of the wallet revealed several empty rolled-up baggies, a small length of straw, and a razor blade with burn marks. Doe told Cpl. Lindley that he and the other two occupants of the vehicle had recently smoked methamphetamine and that the paraphernalia found was used for methamphetamine. All three of the vehicle's occupants, including Doe, were booked into the Ada County Juvenile Detention Center.

The State charged Doe with three counts: possession of a controlled substance (methamphetamine, a felony), possession of drug paraphernalia, and being under the influence of a controlled substance. The petition filed by the prosecuting attorney stated that Doe "lives in or committed an offense in Ada County, State of Idaho, and is within the purview of the Juvenile Correction's [sic] Act under Title 20, Chapter 501 et. al., Idaho Code." At the time of his arrest, Doe was sixteen years old and lived in Boise.

Doe filed a motion to suppress the evidence, arguing the search was unconstitutional under the search-and-seizure provisions of both the United States and Idaho Constitutions. The State maintained that the search was lawful because Cpl. Lindley had probable cause to arrest Doe based on the outstanding arrest warrants and the fact that there were drugs and drug paraphernalia found in the vehicle. Thus, the search was incident to a lawful arrest. In the alternative, the State asserted that the evidence would have been inevitably discovered because Doe was already subject to arrest based on his four outstanding warrants.

Following the hearing on Doe's motion, the magistrate court concluded that the pat search was unlawful under the Fourth Amendment. It first determined that the officer's testimony "did not provide sufficient specific articulable facts to reasonably conclude a pat search of the juvenile was necessary for the officer's protection or the protection of others" because there were "no specific reasons to believe the juvenile was dangerous or possessed any weapons." At the suppression hearing, Cpl. Lindley testified that his reason for performing the pat search of Doe was "to gather more information to confirm the juvenile's identity." Therefore, because Cpl. Lindley was admittedly not executing an arrest of Doe pursuant to the warrants at the time of the search, the magistrate court concluded that the pat search was not incident to a lawful arrest.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 438 (1966).

However, the magistrate court went on to conclude that the search was proper under the attenuation doctrine:

> Important to the attenuation analysis is the timing of when Corporal Lindley received confirmation of four outstanding arrest warrants for the juvenile he was investigating. Prior to Corporal Lindley pat searching the juvenile, dispatch had confirmed the validity of the arrest warrants, which breaks any link between the improper pat search and the discovery of the evidence. It is inescapable that when the officers determined the juvenile's correct identi[t]y, they were independently obliged to arrest him on the outstanding warrants, and the evidence at issue would have been found during a search incident to his lawful arrest.

Based on this analysis, the magistrate court ultimately denied Doe's motion to suppress. The substance of this ruling is not among the issues Doe has presented on appeal.

Doe filed a motion for permission to appeal the magistrate court's interlocutory order denying his motion to suppress. The motion was based on Idaho Code section 20-528, Idaho Juvenile Rule 24, Idaho Criminal Rule 54, and Idaho Appellate Rule 12. At the conclusion of the hearing on the issue, the magistrate court denied the motion from the bench. The court explained:

> I think you guys could enter a stipulation either for [Doe] to enter a plea or for there to be some other resolution to get this up on appeal. I'm just not sure that I have the authority, for one, to enter the order or to give permission for this. . . . And I think that this issue could still be preserved for some sort of a resolution by an appellate court after the normal course of business plays out in this case.

The magistrate court also determined that there was not "a substantial difference of opinion to necessitate an immediate appeal that may materially advance the orderly resolution of the litigation." Based on these reasons, the magistrate court denied Doe's motion for permissive appeal.

Doe then appealed to the district court. The State filed a motion to dismiss Doe's appeal, arguing he had failed to cite a statute that provided authority for the appeal. Doe filed an amended notice of appeal, citing Idaho Code section 20-528, Idaho Juvenile Rule 24, Idaho Criminal Rule 54(a)(1)(G), and Idaho Civil Rule of Procedure 83(a)(2)(F). In reviewing the record, the district court determined that Doe's "underlying charge has not proceeded to trial and there has been no conditional admission to the charge." Accordingly, the district court granted the State's motion to dismiss on determining that Doe was not yet "within the purview of the juvenile corrections act" because there had been no finding of a violation. The district court concluded that "Idaho Code section 20-528 does not provide a right to appeal orders entered prior to a finding of a violation."

Doe appealed to this Court and the State again filed a motion to dismiss the appeal. The State argued that Doe never sought permission to appeal the interlocutory order from the district court, and that his appeal was untimely since it had been filed more than 14 days "from the date of entry of the order or judgment" pursuant to Idaho Appellate Rule 12(b). Doe filed an amended notice of appeal arguing that a juvenile may appeal the order of the district court as a matter of right.

## II. STANDARD OF REVIEW

When this Court reviews an appeal from the district court sitting in its intermediate appellate capacity over a case from the magistrate division, we must first determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Phipps*, 166 Idaho 1, 4, 454 P.3d 1084, 1087 (2019). "If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure." *Pelayo v. Pelayo*, 154 Idaho 855, 858, 303 P.3d 214, 217 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). However, in so doing we are not directly reviewing the decision of the magistrate court; rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Phipps*, 166 Idaho at 4, 454 P.3d at 1087.

Additionally, "[w]hen an issue calls upon this Court to interpret a statute, that interpretation is a question of law subject to free review." *Edwards v. Idaho Transportation Dep't*, 165 Idaho 592, 596, 448 P.3d 1020, 1024 (2019).

## III. ANALYSIS

This appeal raises the issue of whether the permissive appeal of an interlocutory order in a juvenile proceeding is allowed under the JCA. To answer this question, we must determine when a juvenile offender falls "within the purview" of the JCA, as required by Idaho Code section 20-528. Thus, this case centers on the interpretation of Idaho Code section 20-528.

Statutory interpretation must begin by looking to "the literal language of the statute, giving words their plain, usual, and ordinary meanings." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020). Provisions are interpreted in the context of the whole statute, not in isolation. *Id.* "This includes giving effect 'to all the words and provisions of the statute so that none will be void, superfluous, or redundant.' " *Id.* (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970,

5

973 (2011)). Where a statute's language is unambiguous, the intent of the legislative body must be given effect and this Court need not consider rules of statutory construction. *Id.*; *Schulz*, 151 Idaho at 866, 264 P.3d at 973. "Alternatively, a statute is ambiguous where the language is capable of more than one reasonable construction." *State v. Amstad*, 164 Idaho 403, 405, 431 P.3d 238, 240 (2018) (citing *Jen-Rath Co., Inc. v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002)).

Both Doe and the State argue that the plain language of Idaho Code section 20-528 supports their respective interpretations regarding whether Doe may appeal the denial of his motion to suppress evidence prior to an adjudication of the State's petition. Doe reads the statute as allowing him to bring an appeal regardless of whether his matter has been adjudicated, while the State argues that an appeal cannot be brought until after the magistrate court determines that the juvenile's conduct brings him within the purview of the JCA. Both parties agree that the magistrate court's order denying Doe's motion to suppress is an appealable "order" under Idaho Code section 20-528, a provision of the JCA. However, the State maintains that the real issue is *when* such an order may be appealed, which depends on an interpretation of whether this was a "matter . . . affecting a juvenile offender within the purview of [the JCA]." I.C. § 20-528.

The district court concluded, consistent with the magistrate court's ruling, that the plain language of " 'juvenile offender' indicates a finding of guilt is required" for a juvenile to be "within the purview" of the JCA. On appeal, Doe argues that " 'juvenile offender' must be synonymous with juvenile or alleged juvenile offender," and that the plain meaning of "within the purview" means "within the scope or area of application of the act." Doe adds that "[i]f a juvenile were only a 'juvenile offender' following a finding or admission of guilt," then this language would render other provisions in the statute illogical, including the State's ability to appeal a court's decision "not to waive jurisdiction under [the JCA]" which "happens well before the adjudication." The State maintains that "a finding or admission of being under the purview of the JCA is a prerequisite to appealability." For the following reasons, we hold that the plain language of Idaho Code section 20-528 supports the district court's decision.

Idaho Code section 20-528 is the section of the JCA governing appeals. It states: "All orders or final judgments made by any court in matters affecting a juvenile offender *within the purview of this act* may be appealed by the juvenile offender or the state." I.C. § 20-528 (emphasis added). While the JCA does not define "within the purview of this act," it defines "juvenile offender" as "a person under the age of eighteen (18) years at the time of any act, omission or

6

status and *who has been adjudicated* as being within the purview of this chapter." I.C. § 20-502(12) (emphasis added). Therefore, the term "juvenile offender" cannot be synonymous with "juvenile," which the JCA defines as "a person less than eighteen (18) years of age or who was less than eighteen (18) years of age at the time of any *alleged act, omission or status*." I.C. § 20-502(12) (emphasis added). Importantly, to interpret "juvenile offender" as any juvenile who has been merely *charged* under the JCA, as Doe urges, would stand the presumption of innocence on its head and be tantamount to labeling every juvenile "alleged" to have committed a crime as an "offender."

"Purview" generally means "scope" or "area of application," including reference to the "main body of a statute . . . that of an act that follows the preamble." *Purview*, BLACK'S LAW DICTIONARY (11th ed. 2019). When reading section 20-528, "within the purview" acts as a term of art to describe the status *following* a finding or admission of guilt—i.e., an adjudication. Appealable orders and final judgments must involve "matters affecting a juvenile offender," who, by definition, "has been *adjudicated* as being within the purview of this chapter." I.C. §§ 20-528 and 20-502(15) (emphasis added). Appeals must involve a "juvenile offender" and not just any "juvenile" in a JCA proceeding. While Doe argues "juvenile" and "juvenile offender" should be read synonymously, the JCA expressly defines and creates a distinction between the terms. *Compare* I.C. § 20-502(12), *with* I.C. § 20-502(15). Thus, "within the purview" plainly means that an adjudication or finding of guilt is required. This statutory right of appeal can then be exercised by either "the juvenile offender or the state." I.C. § 20-528.

This interpretation is consistent with other JCA provisions and the Idaho Juvenile Rules, which consistently use "within the purview" as a term indicating that a finding or adjudication of guilt has already occurred. Indeed, whether a juvenile is "within the purview" of the JCA is the very finding a court must make in a juvenile proceeding when the juvenile admits or is found to be guilty of the offense. The most prominent example of this language occurs in Rule 17 of the Idaho Juvenile Rules, which governs sentencing. The rule states:

> At the time the court finds that a juvenile is *within the purview* of the J.C.A. under I.J.R. 15 [evidentiary hearings] or the juvenile pleads guilty (admits) to the charge (petition), or as soon thereafter as is practicable, the court shall set time and place for a sentencing hearing and give notice thereof to the juvenile and the parent(s), guardian, or custodian.

7

I.J.R. 17 (emphasis added). This section clarifies that the only way a juvenile comes "within the purview" of the JCA is through either a finding of guilt following an evidentiary hearing or a guilty plea.

Additionally, the State bears "the burden of proving beyond a reasonable doubt that the juvenile has committed acts bringing the juvenile within the purview of the J.C.A." I.J.R. 15(h). Only after the State and the juvenile, if they wish, present their evidence may the court "make a finding as to whether or not the juvenile has committed acts which bring the juvenile *within the purview* of the J.C.A." I.J.R. 15(i) (emphasis added). This is typically done through an evidentiary hearing under the JCA, essentially the juvenile equivalent of a bench trial. *See State v. Doe*, 532 P.3d 396, 401 (Idaho 2023). The JCA itself supports the view that a juvenile is not under the purview of the act until after an evidentiary hearing (or admission) has occurred:

> If the juvenile denies the allegations in the petition, the court shall conduct a full evidentiary hearing, in the manner prescribed by the Idaho juvenile rules [sic]. The juvenile shall have the right to call witnesses on his own behalf. A record shall be made in all proceedings connected with the case and shall be preserved in the event of appeal. *If at the conclusion of the evidentiary hearing the court finds the juvenile to come within the purview of the act, the court shall so rule,* and then shall set the matter down for sentencing, or may, in the interest of time, hold a sentencing hearing at the conclusion of the evidentiary hearing if all information necessary to the disposition of the case is available at the time.

I.C. § 20-519 (emphasis added). *See also State v. Doe*, 144 Idaho 819, 820, 172 P.3d 1094, 1095 (2007) (affirming the finding that a juvenile was "within the purview of the Juvenile Corrections Act" because he engaged in conduct that, if he had been an adult, would have constituted the crime of malicious injury to property).

Doe argues that first requiring an adjudication before a juvenile falls "within the purview" of the JCA renders other language in section 20-528 illogical or superfluous. He points specifically to the second sentence of Idaho Code section 20-528, which provides a right of appeal to the State regarding a court's decision "not to waive jurisdiction under this act." I.C. § 20-528. He argues that because the decision to waive occurs "well before the adjudication," a juvenile cannot be a "juvenile offender" only after a finding or admission of guilt. The entire provision reads:

> All orders or final judgments made by any court in matters affecting a juvenile offender within the purview of this act may be appealed by the juvenile offender or the state. *A decision by the court pursuant to section 20-508, Idaho Code, not to waive jurisdiction under this act over the juvenile offender may be appealed by the state.* Appeals shall be reviewed as provided by the appellate rules of the supreme court of Idaho [sic], except no undertaking shall be required. Upon filing of the

notice of appeal, the district court shall take jurisdiction of the case and if the juvenile offender is in detention shall promptly hold a hearing after the filing of a request to determine whether the juvenile offender shall remain in detention.

I.C. § 20-528 (emphasis added).

Reading section 20-528 in its entirety, it becomes clear Doe's argument is flawed. The highlighted sentence sets forth an exception to the general rule that a juvenile offender may only appeal when the juvenile has been adjudicated to be within the purview of this act. Instead of granting a broad right for a juvenile to bring an interlocutory appeal, it grants only a limited right to the State to bring an interlocutory appeal from a magistrate court's decision "not to waive jurisdiction" pursuant to section 20-508 of the JCA. If the second sentence means what Doe claims it means, it would be rendered superfluous by the preceding sentence, which makes "all orders" appealable. The only reason why the second sentence exists is to create an exception to the first; i.e., while juveniles may only appeal once they are under the purview of the JCA, the State has the right to appeal a decision rejecting a waiver of jurisdiction prior to final adjudication.

Once again, this case is not about *whether* a juvenile defendant can appeal a denied motion to suppress, but *when* he may appeal. Idaho Code section 20-528 requires appeals to follow a finding by the court that the juvenile has committed acts bringing the juvenile within the purview of the JCA. *See also* I.J.R. 15, 17; I.C. § 20-519. Because this case has not yet proceeded to an evidentiary hearing, and there has been no admission to the charges, Idaho Code section 20-528 does not provide a right to appeal the magistrate court's order until after Doe has been found to be a juvenile offender "within the purview" of the JCA. Once adjudicated, Doe can appeal the magistrate court's denial of his motion to suppress as a matter of right under section 20-528. Likewise, as in similar cases with an adult defendant, juveniles may elect to enter a conditional admission (i.e., a conditional guilty plea) to preserve their right to appeal.[2]

Because we conclude Idaho Code section 20-528 is unambiguous, we need not consider the canons of statutory construction. *State v. Taylor*, 160 Idaho 381, 385, 373 P.3d 699, 703 (2016)

---

[2] We acknowledge that there is a significant difference in how the Idaho Appellate Rules and the Juvenile Corrections Act approach interlocutory appeals. For example, an adult defendant may seek permission to appeal an interlocutory order, such as a denied motion to suppress, if it concerns "a controlling question of law as to which there is substantial grounds for difference of opinion and in which an immediate appeal from the order or decree may materially advance the orderly resolution of the litigation." I.A.R. 12(a). On the other hand, the JCA does not allow juvenile defendants to seek permissive appeals. As recognized in this opinion, those charged under the JCA have no ability to pursue an interlocutory appeal—the statute only permits a juvenile to appeal once a "juvenile offender [is] within the purview of this act." I.C. § 20-528. While there may be important policy considerations behind this disparity, such questions have not been raised in this appeal.

9

(citing *State v. Dunlap*, 155 Idaho 345, 361–62, 313 P.3d 1, 17–18 (2012)). Accordingly, we affirm the district court's order granting the State's motion to dismiss Doe's appeal and hold that the terms "juvenile offender" and "within the purview" mean that an admission or adjudication of guilt is necessary before Doe may appeal his denied motion to suppress.

## IV. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court dismissing Doe's interlocutory appeal.

Chief Justice BEVAN, Justices BRODY, STEGNER and ZAHN **CONCUR.**